IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KEVIN NAKAYAMA aka JASON TANAKA, #A0221870 | Civ. No. 07-00316 JMS-LEK |
| Plaintiff, | |
| vs. | ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915 & 1915A |
| DAVID MURRAY, PAMELA MEYERS, BILL RUSHING, and V. KANEHAILUA STACY, | |
| Defendants. | |

## ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915 & 1915A

On June 8, 2007, pro se Plaintiff Kevin Nakayama, a prisoner incarcerated at the Oahu Community Correctional Center ("OCCC"), in Honolulu, Hawaii, filed a prisoner civil rights Complaint pursuant to 42 U.S.C. § 1983, as well as an application to proceed *in forma pauperis*.[1]  Plaintiff names OCCC Sergeant David Murray, OCCC Lieutenant Pamela Meyers, OCCC case manager Bill Rushing, and OCCC public safety worker Val Kanehailua as Defendants in their official capacities.  For the following reasons, Plaintiff's Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), for failure to

_____

[1] On July 5, 2007, this Court denied Plaintiff's *in forma pauperis* application.

state a claim.[2]

## I.  BACKGROUND

The Complaint is not a model of clarity, and Plaintiff's handwriting is difficult to decipher.  Upon careful reading of the Complaint together with the exhibits and other correspondence filed with the court, it appears that Plaintiff was placed in administrative segregation for twenty-five days after an Adjustment Committee found him guilty of fighting.  Compl. at 4-6; Ex. Inmate Complaint/Grievance; Grievance Response.

Plaintiff sets forth three causes of action, although each claim is closely intertwined.  Considering the claims together, Plaintiff appears to complain that Defendants did not conduct a proper investigation following Plaintiff's fighting charge and changed witness statements prior to or during the Adjustment Committee hearing.  *Id.* at 4-6.  After an Adjustment Committee hearing found Plaintiff guilty of fighting, Plaintiff was placed in special holding for twenty-five days.  Although Plaintiff does not set forth any specific Constitutional rights that Defendants allegedly violated, the court liberally construes Plaintiff's Complaint to allege violations of his due process rights.  Plaintiff seeks monetary damages

---

[2]  Plaintiff has two other cases pending in the federal court, *Nakayama v. Magallenes, et al.*, Civ. No. 07-00363 DAE-BMK, and *Nakayama v. Magallanes, et al.*, Civ. No. 07-00402 DAE-KSC.

and injunctive relief.  *Id.* at 7.

## II.  <u>LEGAL STANDARD</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id.*; 28 U.S.C. § 1915A(b)(1), (2).

"'[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Terracom v. Valley National Bank*, 49 F.3d 555, 558 (9th Cir. 1995) (*quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  The court must construe pro se pleadings liberally and afford the pro se litigant the benefit of any doubt.  *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  "Unless it is absolutely clear that no amendment can cure the defect . . . , a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."  *Lucas v. Dep't of*

*Corrections*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

## III.  DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A.    Claims for Damages Against Defendants Sued in Their Official Capacities Are Dismissed

Neither a state nor its employees acting in their official capacity is considered a "person" under § 1983.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Lapides v. Board of Regents*, 535 U.S. 613 (2002); *Bank of Lake Tahoe v. Bank of America*, 318 F.3d 914, 918 (9th Cir. 2003).  Defendants, as state agencies or employees, are thus not subject to suit for damages in their official capacities.  Plaintiff's claims for damages against Defendants in their official capacities are DISMISSED.

An exception to this rule applies to claims for injunctive relief against a state official in his or her official capacity.  *See Bank of Lake Tahoe*, 318 F.3d at 918.  Because Plaintiff seeks injunctive relief, this exception is applicable to the

instant case.  Thus, the court does not dismiss Plaintiff's claims for injunctive

relief against Defendants in their official capacities pursuant to *Will*.

**B.      Plaintiff's Complaint Fails to State a Claim**

Plaintiff claims that Defendants violated his rights when they

allegedly failed to properly investigate the incident leading to his disciplinary

charges.  Plaintiff also claims that Defendants changed witness statements prior to

the prison's Adjustment Committee hearing.  The court construes this as a due

process claim.

There is a two-step inquiry to determine whether a prisoner's

procedural due process rights were violated.  First, the court must determine if the

plaintiff possessed a liberty interest with which the state interfered.  *See, e.g.*,

*Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003); *Biggs v. Terhune*, 334

F.3d 910, 913 (9th Cir. 2003).  If the prisoner has a protected liberty interest with

which the state interfered, the court must determine if the state's action was

preceded by sufficient procedural and evidentiary safeguards.  *See Kentucky Dep't*

*of Corr. v. Thompson*, 490 U.S. 454, 460 (1989); *Serrano*, 345 F.3d at 1078-79.

The "requirements of procedural due process apply only to the

deprivation of interests encompassed by the Fourteenth Amendment's protection

of liberty and property."  *Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003).

Prisoners possess a protected liberty interest to be free of changes in the conditions of their confinement only when those changes impose an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see also Jackson*, 353 F.3d at 755; *Resnick v. Hayes*, 213 F.3d 443, 448 (9th Cir. 2000).

### 1.     *Plaintiff Possessed No Protected Liberty Interest*

Liberty interests may stem from the Constitution, or, in certain circumstances, may be created by a state. *Sandin*, 525 U.S. at 484.  Prisoners possess no constitutionally protected liberty interest in being free from being placed in segregation. *See Sandin*, 515 U.S. at 487; *see also May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997); *Neal v. Shimoda*, 131 F.3d 818, 827 (9th Cir. 1997). Plaintiff, therefore, had no constitutionally protected liberty interest entitling him to freedom from twenty-five days in the Special Holding Unit.

Likewise, Plaintiff has no protected, state-created liberty interest in his claim.  State law creates a liberty interests only when the deprivation in question (1) restrains the inmate's freedom in a manner not expected from their sentence and (2) "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484; *Jackson,* 353 F.3d at 755; *Neal v. Shimoda*, 905 F. Supp. 813, 817-818 (D. Haw. 1995),

*rev'd on other grounds*, 131 F.3d 818 (9th Cir. 1997) (holding state prison regulations may give rise to liberty interests protected by the Fourteenth Amendment).  *Sandin* explicitly held, however, that administrative segregation does not impose a sufficiently "atypical and significant hardship" such that a prisoner has the right to due process when placed in segregation.  515 U.S. at 484, 486; *see also Toussaint v. McCarthy*, 801 F.2d 1080, 1091-92 (9th Cir.1986) (holding that a prisoner's placement in administrative segregation is within the terms of confinement ordinarily contemplated by a sentence).  Plaintiff clearly has no protected state-created liberty interest in his claim.

### 2.   *Plaintiff's Due Process Rights Were Not Violated*

Even if Plaintiff possessed a protected liberty interest, his due process rights were not violated.  Prison disciplinary proceedings are not a criminal prosecution and prison inmates in prison disciplinary proceedings are not entitled to the full panoply of due process rights that are afforded to a criminal defendant. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  Prison disciplinary hearings that may result in the loss of a liberty interest require only: (1) advance written notice to the prisoner of the disciplinary charges; (2) a reasonable opportunity for the prisoner to present evidence in his defense; and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action.

*See Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985). The findings must also be "supported by some evidence in the record." *Id.*

Taking judicial notice of the court's own record of correspondence with Plaintiff, it is clear from Plaintiff's own submissions to the court, that he did, in fact, receive all of the due process protections to which he is entitled.[3] On June 6, 2007, Plaintiff submitted a letter to the court, which was accompanied by a copy of a Notice of Report of Misconduct and Hearing ("Notice").[4] The Notice makes clear that on or about May 21, 2007, Plaintiff received notice of the charge against him, fighting with another inmate, and that an Adjustment Committee hearing would soon take place. The Notice also informed Plaintiff that he was allowed substitute counsel at the hearing. The Notice indicates that Plaintiff "refused to sign" on May 23, 2007.

On May 24, 2007, a disciplinary hearing was held. The Adjustment Committee found Plaintiff guilty of fighting because he admitted to wrestling, and that wrestling in fact constitutes fighting. The Court takes further notice of Plaintiff's submissions, including a response to Plaintiff's grievance (# 14452)

---

[3] The court may take judicial notice of the existence of court records, *Lee v. City of L.A.*, 250 F.3d 668, 689-90 (9th Cir. 2001), and notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993).

[4] *See* Docket No. 5.

8

notifying plaintiff that a prison officer observed a large bruise under the other inmate's eye.[5]

Plaintiff therefore had advance written notice of the charges against him, an opportunity to present evidence in his defense, a written statement by the Adjustment Committee of the evidence relied upon, and the reasons for the disciplinary action.  *See Superintendent, Mass. Corr. Inst., Walpole*, 472 U.S. at 454.  The Adjustment Committee's determination was clearly supported by evidence in the record.  Plaintiff's own documents belie his allegation that he was denied due process.  As it is clear that Plaintiff received notice and a hearing and has no protected liberty interests in his claims, Plaintiff's claims are DISMISSED with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).  Because amendment to the Complaint is futile, this dismissal is GRANTED without leave to amend.

## C.    28 U.S.C. § 1915(g)

Plaintiff is notified that, pursuant to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was

---

[5] *See* Plaintiff's Complaint, Exhibit A.

dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." This dismissal constitutes a strike under the statute and shall be counted against Plaintiff.

**D.     Plaintiff's Action is Dismissed for Failure to Pay the Filing Fee or Submit a Fully-Completed Prisoner *In Forma Pauperis* Application**

Parties filing actions in the United States District Court are required to pay filing fees. 28 U.S.C. § 1914(a). An action may proceed without the immediate payment of a filing fee only upon granting of *in forma pauperis* status. *See* 28 U.S.C. § 1915.

On June 8, 2007, Plaintiff filed an application to proceed *in forma pauperis*. On July 5, 2007, this Court denied Plaintiff's application as incomplete. This Court instructed Plaintiff to either submit a fully-completed prisoner *in forma pauperis* application, including a certified statement of his prison trust account, and a signed consent for withdrawal of fees, or pay the statutory filing fee of $350.00, on or before August 2, 2007. To date, Plaintiff has neither submitted a fully-completed prisoner *in forma pauperis* application nor paid the statutory filing fee. Accordingly, Plaintiff's action is DISMISSED for failure to submit a fully-completed prisoner *in forma pauperis* application or pay the statutory filing fee.

## IV.  CONCLUSION

IT IS HEREBY ORDERED that:

1.  Plaintiff's claims for damages against Defendants in their official capacities are DISMISSED without leave to amend.

2.  Plaintiff's Complaint and action are DISMISSED without leave to amend for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).  This dismissal constitutes a strike under the statute and shall be counted against Plaintiff.

3.  Plaintiff's Complaint and action are DISMISSED for failure to either file a fully-completed *in forma pauperis* application or pay the statutory filing fee of $350.00, on or before August 2, 2007.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, August 22, 2007.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Nakayama v. Murray*, et al., Civ No. 07-00316 JMS-LEK; ORDER DISMISSING COMPLAINT; hmg\screeing orders 07\Nakayama 07-316 (dsm)